CLAUD FRAZIER v. STATE.

No. A-_____. Opinion Filed Dec. 31, 1925.
(241 Pac. 1109.)

Lunsford, Bulgin & Windham, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Le Flore county, May 20, 1924, Claud Frazier did transport two and one-half gallons of whisky from some point unknown to the county attorney to the waiting room of the Kansas City Southern Depot in the town of Heavener. On the trial the jury returned a verdict finding him guilty as charged in the information, and fixed his punishment at a fine of $50, and confinement in the county jail for 30 days. From the judgment he appeals, and assigns as error that the verdict is contrary to law and the evidence, and that the court erred in admitting incompetent evidence. No brief has been filed, and no appearance made in behalf of plaintiff in error in this court.

The undisputed facts are that on the date alleged the defendant drove into the town of Heavener and stopped at a hotel, and then carried a grip to the depot and placed it in a locker. The chief of police testified that he spoke to him on the platform, and told him that he understood he had some whisky, and the defendant said, "Yes, I have two and one-half gallons" in a grip; that he went in and

took the grip from the locker, and delivered it to the officers, saying that he was carrying it to the sheriff of the county.

E. A. Robinson, constable at Heavener, testified that he was with the chief of police when the grip was opened, and it contained four half-gallon jars of corn whisky and two pints.

Counsel for the defendant objected to the testimony on the ground that the action of the officers constituted an unlawful and unreasonable search and seizure because no evidence of a search warrant was introduced in the case, which objection was overruled.

As a witness in his own behalf, the defendant testified that he was a constable of Spiro township, Le Flore county; that he got on the train at Spiro, and went to Howe, and from there went to look at some land that he was on a trade for, and while looking over the land ran upon a still, and the fellows there ran away from the still, and there were four half-gallon fruit jars and two pint bottles of whisky there, and he put them in a tow sack and put them in his car and drove back to Howe, and from there he drove to Heavener, intending to turn the whisky over to the sheriff of the county and to notify him about finding the still; that he told the officers who arrested him that he had the whisky and was transporting it for this purpose.

The objection to the competency of the evidence for the state was properly overruled, in view of the fact of the defendant's statement that he willingly informed the officers that he had the whisky in his possession as an officer of the law.

An examination of the instructions shows that the issue of good faith on the part of the defendant was properly submitted to the jury as a question of fact for their determination.

Finding no error prejudicial to the defendant, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.